JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9008 PA (MRWx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | Lorraine Van Ryckeghem, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo").  In its Notice of Removal, Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiff Lorraine Van Ryckeghem, individually and as trustee and beneficiary under the Jihad Habash Lifetime Trust ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9008 PA (MRWx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | Lorraine Van Ryckeghem, et al. v. Wells Fargo Bank, N.A., et al. | | |

(construing 28 U.S.C. § 1348).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

The Notice of Removal alleges that "Plaintiff is a California citizen, based on domicile, as she pleads ownership of her home . . . [in] Los Angeles . . . .  (Comp. ¶¶ 2, 37, 39.)  Plaintiff also pleads residency in Los Angeles County.  (Comp. ¶ 1.)" (Notice of Removal: 2:26-3:2.)  The Notice of Removal additionally alleges, "[u]pon information and belief," that Plaintiff "resides with the intention to remain indefinitely."  (Notice of Removal: 3:9-10.)  As the Notice of Removal indicates, the Complaint, alleges only Plaintiff's residence and ownership of a home in Los Angeles.  Because the only support for Wells Fargo's allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Wells Fargo's allegations are insufficient to invoke this Court's diversity jurisdiction.

The Court additionally notes that Wells Fargo's efforts to have this Court ignore the California citizenship of defendant Cal-Western Reconveyance, LLC, are insufficient to allow removal based on diversity jurisdiction.  According to the Notice of Removal, Cal-Western Reconveyance, LLC "is a California citizen."  (Notice of Removal: 4:23-24.)  Wells Fargo contends that the Court should ignore the presence of Cal-Western Reconveyance, LLC because it filed a declaration of non-monetary status pursuant to California Civil Code section 2924*l* in the Action on October 30, 2014.  (Id. at 5:3-4.)

A nominal defendant "with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."  Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002).  By filing an unopposed declaration of nonmonetary status, a trustee is excused from participation in the proceeding.  See Cal. Civ. Code § 2924l(d).  However, as one district court has noted, "the State statute allowing for declarations of nonmonetary status does not render a defendant a sham defendant or a purely nominal party.  A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive."  Sublett v. NDEX West, LLC, No. 11cv185-L(WMC), 2011 WL 663745 at *2 (S.D. Cal. Feb. 14, 2011).  Absent any further facts or

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9008 PA (MRWx) | Date | January 2, 2015 |
|---|---|---|---|
| Title | Lorraine Van Ryckeghem, et al. v. Wells Fargo Bank, N.A., et al. | | |

explanation, Wells Fargo fails to demonstrate that Cal-Western Reconveyance, LLC is a nominal defendant, and the Court will not ignore its citizenship for purposes of evaluating whether diversity jurisdiction exists.  Because the Court cannot ignore its citizenship as a purported nominal defendant, the Court concludes that Wells Fargo has not established that the citizenship of Cal-Western Reconveyance , LLC is diverse from Plaintiff.

     For all of the foregoing reasons, Wells Fargo has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Torrance Courthouse, Case No. YC070174.  See 28 U.S.C. § 1447(c).  The Motion to Dismiss (Docket No. 9) is denied as moot.

     IT IS SO ORDERED.